COWART, Judge.
A section of the federal Truth in Lending Act (15 U.S.C. § 1640)[1] provides in part:
(a) ... any creditor who fails in connection with any consumer credit trans *745 action to disclose to any person, any information required under this part to be disclosed to that person, is liable to that person in an amount equal to the sum of
(1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000;
The three appellants executed a single Security Agreement-Retail Installment Contract which has been determined to be a consumer credit transaction in which the creditor failed to disclose certain required information. Double the finance charges in the transaction exceeded $1,000. The question is: Under this subsection do the three appellants each recover $1,000 or do they all together recover a total of $1,000? The trial court construed subsection (a)(1) to limit the maximum liability of the creditor to $1,000 without regard to the number of obligors.
The decisions of the federal appellate courts considering this question are in conflict, with the United States Fourth,[2] Ninth[3] and Tenth[4] Circuit Courts of Appeal favoring one maximum recovery of $1,000 for one obligation regardless of the number of obligors and the United States Fifth[5] and Seventh[6] Circuit Courts of Appeal holding that each obligor can recover the maximum $1,000. The federal trial courts and state courts are likewise split.[7]
The courts allowing multiple recoveries where there are multiple obligors make the following points:
(a) The statutory language referring-to “liability to that person” implies that the duty of the creditor runs to each obligor. A failure to disclose is a separate violation as to each obligor; therefore, each obligor should be able to sue and recover.
(b) The creditor’s security increases with each obligor thereby inferring that the creditor’s liability should likewise increáse.
(c) The purpose of the statute is remedial and it should be liberally construed.
Courts allowing but one maximum recovery as to each transaction say:
(a) The legislative history indicates Congress intended but one recovery per transaction.[8]
*746 (b) The statutory language refers to the penalty on the creditor “in connection with any consumer credit transaction” (singular).
(c) Regardless of the number of obligors there is but one debt and the creditor can recover that debt but once.
(d) The applicable statutory section (15 U.S.C. § 1631(b)) and the applicable regulation (Regulation Z) provide that in a transaction where there are multiple obligors, the disclosure statement need only be given to one of them.
(e) The statute is penal and should be strictly construed.
We find no precedent binding on us[9] and note that the language in the penalty subsection states the liability of the creditor “under this paragraph shall not be — greater than $1,000;” for this reason, as well as those in the cases holding similarly, we hold that for a violation of subsection (a)(2) of this section of the federal Truth in Lending Act (15 U.S.C. § 1640), although there are multiple obligors, there is but one recovery of damages for each consumer credit transaction.[10] The final judgment below is
AFFIRMED.
COBB and SHARP, JJ., concur.

. A subsection of this federal act authorizes actions in any United States District Court or in any other court of competent jurisdiction. This has been held to create a right enforceable in state or federal'courts. See Reliable Credit Service, Inc. v. Bernard, 339 So.2d 952 (4th Cir. 1976), writ den., 341 So.2d 1129, 342 So.2d 215 (La.1977); Lewis v. Delta Loans, Inc., 300 So.2d 142 (Miss.1974). We observe that an obligor, but not the creditor, has a choice of forum, state or federal and, when there is a difference, can choose the most favorable forum.

. Powers v. Sims and Levin, 542 F.2d 1216 (4th Cir. 1976).

. Milhollin v. Ford Motor Credit Company, 588 F.2d 753 (9th Cir. 1978), rev’d on other grounds, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980).

. Hinkle v. Rock Springs Nat Bank, 538 F.2d 295 (10th Cir. 1976).

. Cody v. Community Loan Corporation of Richmond County, 606 F.2d 499 (5th Cir. 1979), cert. denied, 446 U.S. 988, 100 S.Ct. 2973, 64 L.Ed.2d 846 (1980); Davis v. United Companies Mortgage and Investment of Gretna, Inc., 551 F.2d 971 (5th Cir. 1977).

. Mirabal v. General Motors Acceptance Corporation, 537 F.2d 871 (7th Cir. 1976); Allen v. Beneficial Finance Co. of Gary, Inc., 531 F.2d 797 (7th Cir. 1970), cert. denied, 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976).

. Cases supporting one recovery per transaction:
Brame v. Ray Bills Finance Corp., 85 F.R.D. 568, 587 (N.D.N.Y.1979); Vines v. Hodges, 422 F.Supp. 1292 (D.D.C.1976); Gillard v. Aetna Finance Company, Inc., 414 F.Supp. 737 (E.D.La.1976); In re Wilson, 411 F.Supp. 751 (S.D.Ohio 1975); Simmons v. American Budget Plan, Inc., 386 F.Supp. 194, 201 (E.D.La.1974); St. Marie v. Southland Mobile Homes, Inc., 376 F.Supp. 996 (E.D.La.1974); Rivers v. Century Finance Co., 5 CCH Consumer Credit Guide § 98,771 (N.D.Ga.1974); Burrell v. City Dodge, Inc., 8 CCH Consumer Credit Guide § 98,764 (N.D.Ga.1974); Conrad v. Beneficial Finance Co. of N. Y., Inc., 57 App.Div.2d 91, 394 N.Y.S.2d 923 (4th Dept. 1977).
Cases supporting multiple maximum recoveries per transaction:
Tarplain v. Baker Ford Inc., 466 F.Supp. 1340 (D.R.I.1979), rev’d without opinion, 618 F.2d 94 (5th Cir. 1980); Mitchell v. Security Inv. Corp. of Palm Beach, 464 F.Supp. 650 (S.D.Fla.1979); Bird v. Goddards Discount Furniture, 443 F.Supp. 422 (S.D.Ill.1978); Cadmus v. Commercial Credit Plan, Inc., 437 F.Supp. 1018 (D.C.Del.1977); Clausen v. Beneficial Finance Co. of Berkley, 423 F.Supp. 985 (N.D.Cal.1976).

.H.R.Rep.No. 1040, 90th Cong., 2d Sess. (1968), reprinted in 1968 U.S.Code Cong, and Ad.News 1962, 1976, refers to “a maximum penalty not to exceed $1,000 on any individual credit transaction.”

. See State v. Dwyer, 332 So.2d 333 (Fla.1976).

. Because it can be argued both ways we do not consider it a factor but we do note that the applicable portion of this federal statute has been amended prospectively (Truth in Lending Simplification and Reform Act, Pub.L. 96-221, § 615, 94 Stat. 168 (1980)) to add a subpara-graph (d) as follows: “When there are multiple obligors in a consumer credit transaction or consumer lease, there shall be no more than one recovery of damages under subsection (a)(2) of this section for a violation of this subchapter.”