### Robert C. GRIGGS and Jacqueline M. Griggs

v.

### PROVIDENT CONSUMER DISCOUNT COMPANY, Appellant.

### No. 81–2989.

United States Court of Appeals, Third Circuit.

Argued May 13, 1982.

Original Opinion June 2, 1982.

Opinion on Remand Feb. 17, 1983.

Sheldon C. Jelin, Philadelphia, Pa., for appellant.

Henry J. Sommer, Community Legal Services, Inc., Law Center Northeast, Philadelphia, Pa., for appellees.

Before GIBBONS and HUNTER, Circuit Judges, and GERRY,* District Judge.

### OPINION ON REMAND FROM THE SUPREME COURT

PER CURIAM:

This case is before us on remand from the Supreme Court reversing our holding permitting appellant to proceed on a notice of appeal which was filed after the entry of judgment by the district court but while the appellant's motion to alter or amend that judgment remained pending in the district court. We vacate our judgment and dismiss appellant's appeal.

I

In June 1979, Robert and Jacqueline Griggs (the Griggses) obtained a personal loan from Provident Consumer Discount Company (Provident) and received a docu-

---

*Hon. John F. Gerry, United States District Judge for the District of New Jersey, sitting by designation.

ment entitled "Note, Security Agreement and Disclosure Statement" which in paragraph 17–E set forth the extent and nature of Provident's security interests in the Griggses' real and personal property. Soon thereafter, the Griggses filed a Petition in Bankruptcy. The Griggses then brought suit for statutory damages against Provident in the United States District Court for the District of Pennsylvania contending that Provident violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.1 et seq. They alleged that: (1) the description of Provident's security interest taken in after-acquired property was inaccurate and misleading; (2) Provident improperly calculated the refund of prepaid interest due on an earlier loan refinanced by the present loan; and (3) the inclusion in the disclosure statement of a non-existent security interest in insurance proceeds was improper. Provident counterclaimed for setoff against any recovery of the Griggses' pre-bankruptcy obligation to it.

On December 24, 1980, the district court granted the Griggses' motion for summary judgment and dismissed Provident's counterclaim, finding that Provident's disclosure of its security interests in the after-acquired property had been inaccurate and misleading. *Griggs v. Provident Consumer Discount Co.,* 503 F.Supp. 246 (E.D.Pa.1980). Since one violation of the Act is sufficient to establish liability for statutory damages, plaintiffs' remaining contentions were not reached. The court awarded the Griggses separate recoveries of $1000.00 each under 15 U.S.C. § 1640(a), and Provident thereafter filed a notice of appeal from that order on January 16, 1981. We dismissed that appeal because the district court's order was not appealable under Fed.R.Civ.P. 54.

By Order dated November 5, 1981, the district court certified its Order of December 24, 1980 as a final judgment under Fed.R. Civ.P. 54(b). On November 12, 1981, Provident filed a Motion for Reconsideration and Motion to Alter, Amend and Vacate Judgment. On November 19, while that motion was still pending, Provident filed a notice of appeal. On November 23, 1981, the district court dismissed Provident's motions. No further notice of appeal was filed.

This court accepted jurisdiction of the appeal and reversed the district court's judgment noting:

> The Griggses urge that this matter is not appealable because Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides that "[a] notice of appeal filed before the disposition of any of the above motions shall have no effect." Appellant did fail to satisfy Rule 4(a)(4) but though a premature notice of appeal is subject to dismissal, we have generally allowed appellant to proceed unless the appellee can show prejudice resulting from the premature filing of the notice. *Tose v. First Pennsylvania Bank, N.A.,* 648 F.2d 879, 882 n. 2 (3d Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981); *Hodge v. Hodge,* 507 F.2d 87, 89 (3d Cir. 1975); *accord Williams v. Town of Okoboji,* 599 F.2d 238 (8th Cir.1979). *See also* 9 Moore's Federal Practice ¶ 204.14 (2d ed. 1982). In our case, the Griggses have shown no prejudice by the premature filing of a notice of appeal.

*Griggs v. Provident Consumer Discount Co.,* 680 F.2d 927, 929 n. 2 (3d Cir.1982). Because our analysis of Rule 4(a)(4) conflicted with decisions in other circuits,[1] and the language and purposes of the 1979 Amendments to the Federal Rules of Appellate Procedure, the Supreme Court granted the Griggses' petition for writ of certiorari.

1. *See United States v. Valdosta-Lowndes County Hospital Authority,* 668 F.2d 1177, 1178 n. 2 (11th Cir.1982); *Beam v. Youens,* 664 F.2d 1275 (5th Cir.1982); *Williams v. Bolger,* 633 F.2d 410 (5th Cir.1980); *Century Laminating, Ltd. v. Montgomery,* 595 F.2d 563 (10th Cir.), *cert. granted,* 444 U.S. 897, 100 S.Ct. 204, 62 L.Ed.2d 132, *cert. dismissed,* 444 U.S. 987, 100 S.Ct. 516, 62 L.Ed.2d 417 (1979). *Cf. United States v. Jones,* 669 F.2d 559, 561 (8th Cir. 1982) (dictum); *Calhoun v. United States,* 647 F.2d 6, 10 (9th Cir.1981) (dictum); *United States v. Moore,* 616 F.2d 1030, 1032 n. 2 (7th Cir.) (dictum), *cert. denied,* 446 U.S. 987, 100 S.Ct. 2972, 64 L.Ed.2d 844 (1980). *But cf. Laser Alignment, Inc. v. ICM of the Carolinas, Inc.,* 32 Fed.R.Serv.2d 776 (4th Cir.1981).

## II.

Rule 4(a)(4) of the Federal Rules of Appellate Procedure states in pertinent part:

A notice of appeal filed before the disposition of any [Fed.R.Civ.P. 59] motions shall have no effect.

Nonetheless, since 1975, this court, pursuant to its discretionary authority under Fed.R. App.P. 2, has waived the conceded defects of a premature notice of appeal unless the appellee can demonstrate prejudice resulting from such filing.[2]

In reversing our decision on this ground, the Supreme Court emphasized the generally understood proposition that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. *Griggs v. Provident Consumer Discount Co.,* —— U.S. ——, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam). Prior to the 1979 Amendments, it was "tolerable" for the district court to retain jurisdiction to decide post-trial motions while the court of appeals considered appellant's notice of appeal because the district courts did not automatically inform the courts of appeals when a notice of appeal had been filed. The Court explained the importance of the post-1979 procedures as follows:

In 1979, the Rules were amended to clarify both the litigants' timetable and the courts' respective jurisdictions. The new requirement that a district court "transmit forthwith" any valid notice of appeal to the court of appeals advanced the time when that court could begin processing an appeal. Fed.Rule App. Proc. 3(d). At the same time, in order to prevent unnecessary appellate review, the district court was given express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed. Fed.Rule App.Proc. 4(a)(4). If these had been the only changes, the theoretical inconsistency noted above would have

suddenly taken on practical significance. A broad class of situations would have been created in which district courts and courts of appeals would both have had the power to modify the same judgment. The 1979 Amendments avoided that potential conflict by depriving the courts of appeals of jurisdiction in such situations.

—— U.S. at ——, 103 S.Ct. at 402–403; *see also* 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 204.12[1], at 4–65 n. 17 (2d ed. 1982) (post-1979 effect of a Rule 59 motion on a previously filed notice of appeal: "The appeal simply self-destructs."); 16 C. Wright, A. Miller & E. Cooper, Grossman, *Federal Practice and Procedure* § 3950 (1982 Supp.) (a subsequent notice of appeal is also ineffective if it is filed while a timely Rule 59 motion is still pending).

## III.

As directed by the Supreme Court mandate, we conclude that our judgment must be vacated and Provident's appeal dismissed for lack of appellate jurisdiction.

---

**2.** Fed.R.App.P. 2 states:

In the interest of expediting decision, or for other good cause shown, a court of appeals may, except as otherwise provided in Rule 26(b), suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.