**In re David Anthony ASHHURST & Ludia Rebecca Ashhurst, Debtors.**

**David A. & Ludia R. ASHHURST, Plaintiffs,**

v.

**MERITOR SAVINGS BANK, Defendant.**

Bankruptcy No. 87–01231S.
Adv. No. 87–0710S.

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 25, 1987.

Susan J. DeJarnett, Community Legal Services, Inc., Philadelphia, Pa., for debtors.

Francis J. Martin, Drinker, Biddle and Reath, Philadelphia, Pa., for Mortgagee.

David B. Comroe, Philadelphia, Pa., for Mortgagee in Gambale case.

Edward Sparkman, Philadelphia, Pa., Standing Chapter 13 trustee.

Philip A. Bertocci, Community Legal Services, Inc., Philadelphia, Pa., for debtors in Gambale case.

OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

The instant proceeding, by stipulation of the parties, concerns but one issue: whether the pre–1980–amendment version of the Truth-in-Lending Act, (hereinafter referred to as "TILA"), particularly 15 U.S.C. § 1640(a) thereof, authorizes a separate recovery of applicable statutory damages to each obligor or only a single recovery to all obligors.[1] Although the creditor presents a rather thoughtful thesis as to why only a single recovery should be permitted, we believe that the reasoning of that thesis is flawed, and we shall therefore continue to hold, as we did in *In re Gambale, Gambale v. Lomas & Nettleton Co.,* Bankr. No. 86–03086S, Adv. No. 87–0239S, slip op. at 4–5 (Bankr.E.D.Pa. Sept. 11, 1987) [Attached as an Appendix to 80 B.R. 308]; *In re Dangler,* 75 B.R. 931, 934–35 (Bankr.E.D.Pa.1987); and *In re Johnson–Allen,* 67 B.R. 968, 974 (Bankr.E.D.Pa.

1. The pre–1980 version of the TILA was effective as to all contracts entered into prior to April 1, 1981. After that date, lenders had the option of complying with the prior version or the present version of the TILA until October 1,

1982, after which date it was required that creditors comply with the new version. P.L. No. 96–221, § 625, *as amended,* P.L. No. 97–25 § 301 (1981).

1986) (dictum), that recoveries of statutory damages for *each* obligor are allowed under the pre-amendment version of the TILA. Our ruling is consistent with that of the only known decisions of our district court on this issue, *Lee v. Fidelity Consumer Discount Co.,* C.A. No. 79–2160, slip op. at 17–18 (E.D.Pa. June 15, 1981), *reconsideration denied,* (E.D.Pa. Dec. 30, 1983) (per DITTER, J.); and *Griggs v. Provident Consumer Discount Co.,* 503 F.Supp. 246, 251 (E.D.Pa.1980) (per LORD, CH. J.), *appeal dismissed after remand,* 699 F.2d 642 (3d Cir.1983); and a decision authored by present Third Circuit Court of Appeals Judge Walter K. Stapleton when he sat in the District of Delaware, *Cadmus v. Commercial Credit Plan, Inc.,* 437 F.Supp. 1018, 1021–22 (D.Del.1977).

The Plaintiff–Debtors, husband and wife, filed a joint Chapter 13 bankruptcy case on March 13, 1987. On July 28, 1987, the Debtors commenced this action challenging the secured Proof of Claim of their mortgagee, MERITOR SAVINGS BANK (hereinafter referred to as "the Mortgagee"), in the amount of $2,720.90 on the sole ground that violations of the version of the TILA and its interpretive Regulations in effect when they executed their mortgage on March 22, 1978, entitled them to a $2,000.00 recoupment claim, allegedly justifying a $2,000.00 reduction of the Mortgagee's Claim.

When the matter came before us for trial on September 23, 1987, the parties advised us that they would present the case to us on a Stipulation of Facts and subsequent Briefs to be filed on or before October 16, 1987 (Debtors), and November 16, 1987 (Mortgagee). Accordingly, on October 16, 1987, the parties filed a Stipulated Statement of the Case. Therein, the Mortgagee conceded that the mortgage violated former 15 U.S.C. § 1638(a)(10) and 12 C.F.R. § 226.8(b)(5)[2] because the disclosure statement indicated that the only security taken therein was in the Debtors' realty, while the mortgage also included security in "all equipment, fixtures, appliances and articles of personal property" present in the residence.[3] Hence, the parties agreed that "the only issue for this court to determine in connection with this matter is whether more than one recovery of damages is permitted" under former 15 U.S.C. § 1640(a)(2) "where there are multiple obligors" involved in the transaction.

The Mortgagee's argument is an extension of the reasoning of the Seventh Circuit Court of Appeals in *Brown v. Marquette Savings & Loan Ass'n,* 686 F.2d 608, 614–66 (7th Cir.1982). In *Brown,* the Court of Appeals overruled its previous decision in *Mirabal v. General Motors Acceptance Corp.,* 537 F.2d 871, 881–83 (7th Cir.1976), that both obligors were entitled to recover a statutory penalty.

Although the contract in issue in *Brown* was executed in 1972, the *Brown* court took particular note of 15 U.S.C. § 1640(d), which amended the original version of § 1640(a) thusly:

> (d) When there are multiple obligors in a consumer credit transaction or consumer lease, there shall be no more than one recovery of damages under subsection (a)(2) for a violation of this title.

While agreeing that § 1640(d) could not be applied directly to a pre-amendment transaction; that the amendment could be interpreted as changing rather than clarifying the prior law; and conceding that the use of subsequent legislation to ascertain the meaning of a previous enactment "can be hazardous," the court nevertheless relied on the subsequent enactment as evidence that Congress meant to merely "clarify" the alleged previous ambiguity in § 1640(a)

---

**2.** The Stipulation cites to former 12 C.F.R. § 226.6(c) as the Regulation which was violated. However, as that section relates to the supplying of information additional to that required by the TILA Act and Regulations, the reference to that Section appears misplaced.

**3.** The respect of the Mortgagee for the precedent of this court that a violation exists here is appreciated. *See e.g., Dangler, supra,* 75 B.R. at 934; *In re Matzulis,* 74 B.R. 552, 554 (Bankr.E.D.Pa. 1987), *remanded,* —— B.R. ——, C.A. No. 87–4390 (E.D.Pa. Nov. 18, 1987); *In re Martin,* 72 B.R. 126, 128 (Bankr.E.D.Pa.1987); and *Johnson–Allen, supra,* 67 B.R. at 971–74.

in restricting borrowers to recovery of a single statutory penalty.

The Brown court relied heavily upon statements by the Supreme Court in *Anderson Bros. Ford v. Valencia*, 452 U.S. 205, 211–19, 101 S.Ct. 2266, 2270–74, 68 L.Ed.2d 783 (1981). In that case the Court, by a 5–4 majority, concluded that the failure of Congress to change the definition of "security interest' in the pre-amendment version of the TILA in the face of Federal Reserve Board staff interpretations that disclosure of a creditor's right to receive insurance proceeds was unnecessary represented a Congressional acquiescence in the staff interpretation.

The Mortgagee here embellishes the reference to *Anderson Bros.* by citing to *Regents of University of California v. Bakke*, 438 U.S. 265, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978); *Erlenbaugh v. United States*, 409 U.S. 239, 93 S.Ct. 477, 34 L.Ed. 2d 446 (1972); *Red Lion Broadcasting Co. v. Federal Communications Comm'n*, 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969); and *United States v. Stewart*, 311 U.S. 60, 61 S.Ct. 102, 85 L.Ed. 40 (1940), for the principle that subsequent legislation may be a good guide for interpretation of earlier statutes.

We are very reluctant to utilize rules of statutory construction and legislative history as a means for interpretation of any statute, be it the Bankruptcy Code or, in this case, the pre-amendment TILA, when the statute is clear on its face. We further believe that a careful examination of the statutory amendment in issue here, 15 U.S.C. § 1640(d), reveals a fallacy in the analysis of the *Brown* court.

The reasoning in the *Lee, Griggs,* and *Cadmus* decisions is based upon identical readings of the language of 15 U.S.C. § 1640(a), which, in its pre-amendment form, stated in pertinent part as follows:

(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this chapter or chapter 4 and 5 of this title with respect to *any* person is liable to *such* person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, ...

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court ... (emphasis added).

The words emphasized by us in the above quote were also emphasized by the courts in *Lee* and *Griggs*, and the entire phrase in which they are contained is emphasized in *Cadmus*, and these words are central to the analyses of these courts. Each court concluded that this language rendered a non-conforming creditor liable to *each* and *every* obligor in a consumer contract in which the lender violated the TILA.

The 1980 amendments effected virtually no change in the initial paragraph of § 1640(a), except to add to the phrase "including any requirement under section 125" after the initial word "chapter." Significant is the fact that the newly-added § 1640(d) limits debtors to one recovery only if they are proceeding under "subsection (a)(2)" of § 1640(a). This specific reference to § 1640(a)(2) represents a clear Congressional intention to treat a recovery of damages under subsection (a)(1), i.e. § 1640(a)(1), concerning actual damages, differently than claims based on § 1640(a)(2). *Cf. In re Russell*, 72 B.R. 855, 861–64 (Bankr.E.D.Pa.1987) (general analysis of § 1640(a)(1) damages). In a case where actual damages are claimed under § 1640(a)(1), it seems clear that Congress meant to punish creditors for commission of what were perceived to be more serious TILA violations causing actual damages more severely than creditors causing no actual damages, by allowing *each* obligor to collect damages rather than limiting consumers to one recovery of damages in cases where actual damages were proven.

However, it will be recalled that Congress did *not* reword the initial paragraph of § 1640(a) in making the 1980 amend-

ments. Therefore, Congress clearly believed that this paragraph, consistently with the *Lee, Griggs,* and *Cadmus* analyses, *allowed* an award of damages to *each* obligor. Therefore, without resort to the "hazards" of applying doubtful general principles to interpret statutory provisions, it can be readily concluded that Congress approved the reading of § 1640(a) by the courts in *Lee, Griggs,* and *Cadmus* in the enactment of § 1640(d) in 1980.

The "hazards" of the application of the purported principle of statutory interpretation that later amendments must be assumed to clarify rather than change prior enactments are well exemplified by noting the distinct contexts in which this principle is purportedly applied in the Supreme Court decisions cited by the Mortgagee here. In *Stewart,* 311 U.S. at 64–65 n. 4, 61 S.Ct. at 105–06 n. 4, the Congressional history expressly stated that the later amendment "'is merely a clarifying change.'" In both *Red Lion,* 395 U.S. at 380–82, 89 S.Ct. at 1801–03, and *Anderson Bros.,* 452 U.S. at 212–13, 101 S.Ct. 2270–71, consistent administrative interpretations of earlier statutory provisions were codified by later amendments. *Erlenbaugh,* 409 U.S. at 243–48, 93 S.Ct. at 480–83, merely exemplifies the use of the principle of *in pari materia* in interpretation of *contemporaneous* statutory enactments. Hence, *none* of these cases provide support for this principle without embellishment, in the manner of the *Brown* court.[4] Even though, in *Anderson Bros.,* the statutory amendments there were plausibly contended by the majority as constituting a codification of previous administrative interpretations, an argument which cannot be made here, Justice Stewart's dissenting Opinion, speaking for four members of the Court in that case, is highly critical of the assumption, even in that context, that an amendment to the prior law was not meant to change it. 452 U.S. at 231–32, 101 S.Ct. at 2279–80.

We therefore conclude that the analysis of the impact of the TILA amendments

upon the previous law and the principle of statutory construction enunciated by the *Brown* court are incorrect and misplaced. We acknowledge that *Brown* was cited favorably by the court in *Herrera v. First Northern Savings & Loan Ass'n,* 805 F.2d 896, 901 (10th Cir.1986). However, we would observe that the *Herrera* court was, in large part, merely following its own prior holding in *Hinkle v. Rock Springs National Bank,* 538 F.2d 295, 297 (10th Cir.1976), that § 1640(a), as originally written, did not authorize a multiple recovery.

We also note that other Courts of Appeals have reasoned differently than the Court in *Brown.* In *Andersen v. Farmers Bank of Clatonia,* 640 F.2d 1347, 1348–49 (8th Cir.1981), the Eighth Circuit, after the 1980 amendments were enacted, rendered its initial decision on the multiple recoveries issue and reached the same result as was reached in *Lee, Griggs,* and *Cadmus.* In *White v. World Finance of Michigan, Inc.,* 653 F.2d 147, 152 (5th Cir.1981), the Fifth Circuit expressly reaffirmed its adherence to its pre-amendment decisions in *Cody v. Community Loan Corp.,* 606 F.2d 499, 508 (5th Cir.1979), *cert. denied,* 446 U.S. 988, 100 S.Ct. 2973, 64 L.Ed.2d 846 (1980); and *Davis v. United Companies Mortgage & Investment,* 551 F.2d 971, 972 (5th Cir.1977), that multiple recoveries of statutory damages should be imposed where there are multiple obligors.

We do observe that none of the post-amendment decisions interpreting § 1640(a) analyze § 1640(d) as we have done here, nor did we do so in *Gambale, Dangler,* or *Johnson–Allen.* However, it is our belief that this analysis is logically more sound than employment of doubtful principles of statutory construction. Our prior decisions were based upon our belief that "we should follow the decisions of our district court, which reviews our decisions, whenever possible." *Johnson–Allen,* 67 B.R. at 974. This observation also appears sound, especially when, as here, the analyses of several judges of the district court is both logical

---

**4.** We are unable to locate any specific passage or principle set forth in *Bakke* which is analogous to the instant set of circumstances.

and *supported* by subsequent Congressional amendments.

We shall therefore proceed to follow our prior decisions, grant the Debtors' Motion for Summary Judgment, deny the Cross–Motion of the Mortgagee, and proceed, as in *Gambale,* slip op. at 5, and *Dangler,* 75 B.R. at 937, to reduce the Mortgagee's secured Proof of Claim by $2,000.00.

An Order consistent with these conclusions shall be entered by us. We shall also share our personally more enlightened views with Counsel for the parties in *Gambale,* in the hope that it will be helpful to them in resolving that controversy.

### ORDER

AND NOW, this 25th day of November, upon consideration of the Stipulated Statement of the Case and the Cross–Motions for Summary Judgment and respective supporting Memoranda of Law of Counsel for the parties, it is hereby ORDERED as follows:

1. Judgment is entered in favor of the Debtors, DAVID ANTHONY ASHHURST AND LUDIA REBECCA ASHHURST, and against the Defendant, MERITOR SAVINGS BANK, and the Proof of Claim filed by the Defendant in this case shall be accordingly reduced by the amount of $2,000.00, to $720.90.

2. The Mortgagee, the Debtors, and/or the Trustee are accorded a period of thirty (30) days from the date of this Order to file an Amended Proof of Claim on behalf of the Defendant consistent herewith.

3. The parties are directed to confer to resolve the issue of attorney's fees and costs due to the Debtors' Counsel, but, if they are unable to do so, and the Debtors have made a reasonable demand, the Debtors' Counsel is accorded an opportunity to file a Motion requesting attorney's fees and costs, including compensation on the fee application, if such is necessary, per 15 U.S.C. § 1640(a)(3), same to be filed within thirty (30) days hereafter and to be procedurally in conformity with *In re Meade*

*Land and Development Co.,* 527 F.2d 280 (3d Cir.1975).