**Wally KENNEY, on behalf of himself and all other persons similarly situated, Plaintiff,**

**v.**

**LANDIS FINANCIAL GROUP, INC., Defendant.**

**No. 71–C–32–CR.**

United States District Court, N. D. Iowa, Cedar Rapids Division.

March 30, 1972.

Everett Meeker, Washington, Iowa, for plaintiff.

Donald A. Wine and Ronald L. Hersbergen, Des Moines, Iowa, Edward J. Heiser, Jr., Milwaukee, Wis., for defendant.

## ORDER

McMANUS, Chief Judge.

This matter is before the court on defendant's motions to dismiss the complaint, as originally filed and as amended, and to dismiss the class action; and on motions by both plaintiff and defendant for summary judgment. All motions have been resisted and both parties have submitted extensive briefs and affidavits in support of their respective positions.

In his complaint plaintiff alleges that on or about July 29, 1971 defendant extended consumer credit to plaintiff. The amount financed totalled $643.62 and was comprised of a $600.92 cash advance, insurance, and other charges. The finance charge on the transaction was $218.38. At the time of the transaction defendant prepared and delivered two documents to plaintiff: a combined note-disclosure statement and a security agreement. Plaintiff attached copies of these documents to his pleading. There appears to the court to be some discrepancy between the documents attached by plaintiff to the complaint and those attached by defendant to its answers to plaintiff's interrogatories filed March 21, 1972. To the extent the documents agree the court will treat them as undisputed and consider the parties' respective motions as they relate thereto.

Plaintiff by this action seeks relief, on behalf of himself and all other persons similarly situated, for alleged violations by defendant of the Federal Truth in Lending Act (Act), Title I, 15 U.S.C. § 1601 et seq., of the Consumer Credit Protection Act, and the regulations promulgated thereunder, FRB Regulation Z, 12 C.F.R. § 226.1 et seq.[1] Jurisdiction is granted by the Act.[2] The transaction involved here does not come within the statutory or regulatory definitions of "open end credit plan"[3] or "credit sale"[4] and thus is an "other than open end" consumer credit plan. Plaintiff's allegations of violation appear in paragraphs 8 through 32 of the complaint. Each paragraph will be considered individually under the conditions stated in the paragraph immediately above.

In paragraph 8 of the complaint plaintiff alleges that the disclosure statement and the security agreement indicate that defendant has a secured interest in certain of plaintiff's goods "but the said disclosure statement and security agreement do not contain either a clear description or an itemized list of the consumer goods that constitute the property to which the security interest relates. . . ."

To facilitate explanation the court will undertake to describe the pertinent portion of the disclosure statement attached to plaintiff's complaint. Under the segment of the disclosure statement designated "Security" it is stated that the loan is secured by a security agreement dated "July 29, 1971" covering "Household Goods." To the immediate right of this statement is a large brace encompassing a list of items under the heading "Description." The box preceding the item "Household Goods and Appliances" is marked with an "X." The boxes preceding the other words of the list, "Motor Vehicle(s)," "Farm Equipment . . ." and "Other," are not so marked. Beneath the list is the sentence: "See Security Agreement(s) for itemized list of property covered."

Plaintiff alleges that this disclosure is inadequate and violates section 226.-8(b)(5) of Regulation Z which requires the description of any security interest acquired by the creditor in connection with the extension of credit and "a clear identification of the property to which the security interest relates."[5]

The court cannot agree with defendant's position that like disclosure under section 9–110 of the Uniform Commercial Code (U.C.C.)[6] reasonable identification is all that is required under section 226.8(b)(5). Such an interpretation would change the literal meaning of the statute.[7] Also, in addition to the literal differences in the language of respective statutes are the respective legislative purposes for their enactment. The main purpose of Article 9 of the U.C.C. is to consolidate and make uniform the law governing security interests in personal property and fixtures.[8] The expressed congressional purpose for the enactment of subchapter I of the Act is: "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and

---

1. 15 U.S.C. § 1640(a) sets forth the extent of relief that can be granted for a creditor's failure to make the proper disclosures of information as required by the Act:
" . . . an amount equal to the sum of (1) twice the amount of the finance charge in connection with the transaction, except that the liability under this paragraph shall not be less than $100 nor greater than $1,000; and (2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with a reasonable attorney's fee as determined by the court."

2. 15 U.S.C. § 1640(e).

3. 15 U.S.C. § 1602(i); FRB Reg. Z, 12 C.F.R. § 226.2(r).

4. 15 U.S.C. § 1602(g); FRB Reg. Z, 12 C.F.R. § 226.2(h).

5. This language also appears at 15 U.S.C. § 1639(a)(8).

6. Iowa Code § 554.9110.

7. U.C.C. § 9–110 uses the adjective "reasonable," section 226.8(b)(5) uses the adjective "clear."

8. Uniform Commercial Code § 9–102, Official Comment.

avoid the uninformed use of credit." [9] Thus, the court is of the view that the case law regarding sufficiency of disclosure under the U.C.C. is by necessity distinguishable from application here.

On the other hand, the court finds no requirement in the Act that imposes upon defendant, as alleged by plaintiff, the obligation to itemize the list of consumer goods to which its security interest attaches. The Act requires a "clear identification" but not a clear description. Thus to require particularization of the goods would go beyond the Act's scope.

It is the view of the court that the presence of the adjective "clear" preceding the word identification in the Act indicates that the goods must be identified so as to preclude any reasonable question regarding the goods to which the security interest attaches. The court notes as stated before a dispute in the written and typed words which appear on the documents filed by the respective parties. Therefore, it is the view of the court that as to paragraph 8 all motions should be denied.

In paragraph 9 of the complaint plaintiff alleges that the note provides that upon prepayment of the debt after the due date of the first installment the refund of the unearned finance charge is rebated according to the Rule of 78. Plaintiff claims that the "Rule of 78" rebate produces a smaller rebate than would a rebate computed by the actuarial method which plaintiff asserts the Iowa Small Loan Law requires, Iowa Code § 536.13(7)(c)[10] and (8).[11] This smaller rebate, plaintiff claims, constitutes a penalty charge which the disclosure statement does not disclose; and that such failure to make this disclosure is a violation of § 226.8(b)(6) of 12 C. F.R.[12]

The agreed precomputed interest of the loan as stated on the note-disclosure statement is computed according to the maximum lawful rate: "3% per month on any part of the unpaid balance of the loan not exceeding $250; 2% per month on any part of the loan in excess of $250 but not exceeding $400; and 1½% per month on any part of the unpaid balance of the loan in excess of $400." [13] Thus to comport with Iowa law a rebate upon full prepayment of the debt must not be less than the precomputed interest outstanding on the note as of the appropriate payment date.[14] A "Rule of 78" [15]

9. 15 U.S.C. § 1601.

10. Section 536.13(7)(c) of the Iowa Code states as follows:

"c. If the contract is prepaid in full by cash, a new loan, or otherwise on or after the first installment due date but before the final installment due date, the borrower shall receive a rebate of an amount which shall be not less than that portion of the precomputed interest . . . applicable to the installment periods scheduled to follow the installment date nearest the date of prepayment in full."

11. Section 536.13(8) of the Iowa Code states as follows:

"8. The default deferment charges and rebates referred to herein are computed on the interest rates authorized herein and such terms shall not be construed to authorize charges incident to the loan of money, beyond the rates of interest authorized herein and for the periods of time authorized in subsection 7 of this section."

12. "(6) A description of any penalty charge that may be imposed by the creditor or his assignee for prepayment of the principal obligation (such as a real estate mortgage) with an explanation of the method of computation of such penalty and the conditions under which it may be imposed."

13. Iowa Code § 536.13(4).

14. Iowa Code § 536.13(7)(c) provides in part:

"For the purpose of computing the rebate, any prepayment in full made on or before the fifteenth day following an installment date shall be deemed to have been made on the installment date immediately preceding the date of prepayment in full and any prepayment in full made after such fifteenth day shall be deemed to have been made on the installment date immediately following the date of prepayment in full."

15. As plaintiff points out in his brief the "Rule of 78" computation only applies to loans payable in monthly installments

or "Sum of the Digits" method of rebate computation renders a rebate to the debtor which is less than the precomputed interest. Thus it appears that the rebate computation employed by defendant is in violation of section 536.13 of the Iowa Code.[16]

Although defendant's method of rebate appears to violate Iowa law such rebate method does not violate the Act if the statutory and regulatory disclosure requirements of the Act are met.[17] The court is of the view, however, that the "Rule of 78" rebate computation does allow defendant to retain upon prepayment of the loan an amount which is greater than the precomputed interest earned as of the date of payment. Thus the court is of the view that the Rule of 78 computation imposes a penalty and that penalty is undisclosed and unexplained in violation of 226.-8(b)(6). The court cannot agree with defendant that it is required to disclose only the computation method that it actually employs. Section 226.8(b)(6) requires description of a penalty charge that it "may impose" not just that which it does impose.

In paragraph 10 plaintiff alleges that according to the note if two or more installments are in default for one month or more on any installment date the defendant may reduce the contract balance by the rebate which would be required for prepayment in full as of the installment date and the fact that the "Rule of 78" rebate is smaller than that required by the Iowa Code constitutes an additional default or delinquency charge which the disclosure statement does not disclose in violation of section 226.8(b)(4) of Regulation Z.[18] The court is of the view that section 226.-8(b)(4) applies only to late payments and has no application as alleged by plaintiff to the prepayment situation.

In Paragraph 11 plaintiff alleges that the notice at the bottom of the disclosure statement: "Pursuant to the Iowa Small Loan Law, Default and deferment charges may be made and a rebate of unearned interest will be made if the loan is repaid prior to maturity," is in conflict with the terms of the note which provides for a rebate of unearned interest by computation according to the Rule of 78. The disclosure statement plaintiff claims does not identify which of the two conflicting rules will be used in computing such a rebate in violation of section 226.8(b)(7).[19]

over the period of a year. The loan with which this suit is involved was payable monthly over a period of two years therefore the method of computation cannot be the "Rule of 78" but must be what is termed the "Sum of the Digits" method. The principle of the two methods is the same.

16. Also, the court cannot agree with defendant that the following statutory language § 536.13(7) :
"The portion of the precomputed interest applicable to any particular month of the contract, as originally scheduled or following a deferment, shall be that proportion of such precomputed interest . . . which the balance of the contract scheduled to be outstanding during such month bears to the sum of all monthly balances originally scheduled to be outstanding by the contract. . . ." unmistakably calls for the "Sum of the Digits" or "Rule of 78" method of computation.

Following the procedure set forth in the statutory language the court finds that the interest per month paid to defendant is less than it would be under the 'Sum of the Digits' computation and greater than under the maximum law rate computation which was agreed to in the contract. Conversely, the rebate would be greater than smaller respectively. Thus, a rebate computed according to the 'Sum of the Digits' method would still seem to be contrary to Iowa Code § 536.13(7)(c).

17. 15 U.S.C. § 1610(a) and (d).

18. Section 226.8(b)(4) provides:
"(4) The amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments."

19. Section 226.8(b)(7) provides:
"(7) Identification of the method of computing any unearned portion of the finance charge in the event of prepayment of the obligation and a statement

The court is of the view that although the notice at the bottom of the disclosure statement may be inconsistent and confusing defendant has identified the method of rebate computation as required by section 226.8(b)(7) in the part of the note-disclosure statement labeled "Prepayment Penalty and Rebate." Thus the court rules as a matter of law that section 226.8(b)(7) is not violated by the disclosure statement.

In Paragraph 12 plaintiff alleges that the disclosure statement does not contain a clear and conspicuous heading that the disclosures are made in compliance with federal law in violation of section 226.6(c)(1)(ii) of 12 C.F.R.[20]

It is apparent from the note-disclosure statement that defendant attempted to comply with sections 226.6(c)(2)(i) and (iii) by placing disclosures required by the Act apart from and above any other disclosures and by placing what defendant thought may be inconsistent disclosures separately and beneath a conspicuous demarcation line on the disclosure statement. Also defendant identified the inconsistent disclosures by a clear and conspicuous heading indicating that the statements made thereafter are inconsistent with the disclosure requirements of the Act. For compliance with section 226.6(c)(2) to be complete it is necessary that defendant identify by a clear and conspicuous heading that the disclosures required by the Act are made in compliance with Federal law. In light of the attempted but incomplete compliance with section 226.6(c)(2) the court rules that the disclosure statement is in violation of section 226.6(c)(2)(ii).

In paragraph 13 of the complaint plaintiff alleges that the notice at the bottom of the disclosure statement contradicts the terms of the note in that it states a different method for computing rebate of finance charges in the event of prepayment or default, and the notice is placed on the disclosure statement so as to mislead or confuse the customer in violation of section 226.6(c) of 12 C.F.R.[21]

The court has considered previously in this order whether the Rule of 78 rebate computation is different from that required under the Iowa Small Loan Law and ruled that it is. The sentence at the bottom of page 1 of the note-disclosure statement states that: "Pursuant to the Iowa Small Loan Law, . . . a rebate of unearned interest will be made if the loan is repaid prior to maturity." If the prepayment rebate is made pursuant to the Iowa Small Loan Law it could not be computed by means of the Rule of 78 and therefore the clauses of the contract are contradictory and confusing. Thus the court is of the view that the note-disclosure statement violates section 226.6(c) of 12 C.F.R.

In paragraph 14, which is the first paragraph of plaintiff's amended complaint, plaintiff alleges that according to the terms of the note defendant may impose a default charge if two or more full installments are in default for one full month or more and defendant may do this by reducing the contract balance by the rebate which would be required for prepayment in full as of the installment date on which debtor became in default. Plaintiff claims that neither this default charge which plaintiff termed "the Rule

---

of the amount of any charge that may be deducted from the amount of any rebate of such unearned finance charge that will be credited to the obligation or refunded to the customer."

20. There is no section 226.6(c)(1)(ii). Section 226.6(c)(2)(ii), however, provides:

"Disclosures required by this part are identified by a clear and conspicuous heading indicating that they are made

in compliance with Federal Law . . . ."

21. Section 226.6(c) provides in part:
"(c) *Additional information.* At the creditor's option, additional information or explanations may be supplied with any disclosure required by this part, but none shall be stated, utilized, or placed so as to mislead or confuse the customer or contradict, obscure, or detract attention from the information required by this part to be disclosed."

of 78 default charge" nor its method of computation is described on the disclosure statement in violation of section 226.8(b)(4) of 12 C.F.R.[22]

In its discussion previously under paragraph 9 the court held that rebate by the Rule of 78 imposes a penalty charge which is undisclosed and unexplained. Paragraph 9, however, dealt with prepayment. The application of the Rule of 78 here is in regard to default by the debtor. The requirements of section 226.8(b)(6)[23] differ somewhat from those of 226.8(b)(4).

There appears to be nothing on the disclosure statement indicating the amount of the Rule of 78 default charge. Therefore, to comply with 226.8(b)(4) the method of default computation must appear on the disclosure statement. It does; and so it appears to the court that section 226.8(b)(4) is not violated by defendant.

In paragraph 15 plaintiff alleges that defendant has failed to disclose the amount or method of computing the amount of the default charge which may be imposed if any installment is unpaid in full for 7 or more consecutive days in violation of 226.8(b)(4).[24] No amount appears on the disclosure statement in regard to this default charge. However, defendant has set forth the method of computing the default charge: "the portion of the Finance Charge (precomputed interest) applicable to the final installment period may be charged." The court disagrees with defendant's statement that no method other than Rule of 78 is allowed under section 536.13(7) in allocating interest to installments.[25] In spite of this, however, the court is of the view that the above quoted statement is adequate to comply with 226.8(b)(4).

In paragraph 16 plaintiff claims that according to the terms of the note defendant may impose a deferment charge and does so if on any scheduled installment due date, one full installment is in default for one full month. Plaintiff further claims that if a debtor makes a large make-up payment defendant will not remove the deferment charge but credits the payment to the accumulated default and deferment charges and holds the balance as a partial installment prepayment. Because this is not disclosed plaintiff claims defendant violated section 226.8(b)(4).[26] In its answers to plaintiff's interrogatories defendant states that its policy is not to give deferments. Thus, there appears to be a dispute of fact so that as to this paragraph the parties respective summary judgments must be denied. Also, the court is of the view that defendant's motion to dismiss should also be denied for plaintiff has stated a claim in paragraph 16 upon which relief can be granted.

The analysis of the preceding paragraph likewise applies to the allegations in paragraphs 17 and 18 of plaintiff's complaint.

In paragraph 19 plaintiff alleges that after a contract balance has been reduced by the rebate of precomputed interest under the Rule of 78 following a default by the debtor the interest imposed on the amount outstanding thereafter is imposed upon not only the principal but upon the precomputed interest not rebated, the deferment charges and default penalties. The plaintiff designates this the "compound interest" default charge and alleges that because it is undisclosed section 226.8(b)(4) is violated.

Due to the dispute as to whether defendant grants deferments

---

22. Section 226.8(b)(4) of 12 C.F.R. provides:
 "(4) The amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments."

23. See footnote 18, *supra*.

24. See footnote 22, *supra*.

25. See footnote 16, *supra*.

26. Quoted at footnote 18, *supra*.

the court finds itself in the position of denying the motions for summary judgment as to this paragraph of the complaint. The court has previously ruled that rebates computed according to the Rule of 78 do render a penalty charge in violation of 226.8(b)(6) but not a default charge in violation of 226.8(b)(4). As for plaintiff's allegation that the interest computed on default charges due defendant at the time of acceleration violates 226.8(b)(4) the court agrees. Neither the amount nor method of computing the amount are adequately disclosed.

■ In paragraph 20 plaintiff alleges the following: defendant's failure to describe the conditions and time when each of the several default charges will be imposed violates 226.8(b)(4); its failure to make the disclosures clearly conspicuously and in meaningful sequence violates 226.6(a);[27] its failure to make the disclosures together in writing on the same page violates 226.8(a); the disclosures made tend to mislead or confuse the customer and thus violates 226.6(c). As to this paragraph the court is of the view that the only allegation which is of substance and not cumulative is plaintiff's allegation that the disclosure statement fails to make disclosures clearly, conspicuously and in meaningful sequence. As to the other allegations of paragraph 20 defendant's motion to dismiss should be granted. As to plaintiff's allegation of violation of 226.6(a) summary judgment in plaintiff's favor should be granted. Defendant's argument that civil liability does not arise from a violation of this section contravenes the spirit of Truth in Lending legislation and is not persuasive.

Paragraph 21 of the amended complaint appears to be alleging the same violation as paragraph 9 of plaintiff's original complaint. It was considered by the court at that time and will not be now. Defendant's motion to dismiss should be granted as to paragraph 21.

■ In paragraph 22, plaintiff discusses what he terms the "early bird" prepayment penalty. This penalty plaintiff alleges is comprised of the difference between the rebate which plaintiff would receive if the note were paid in full on or after the first installment date but prior to the second installment date and the amount of actual interest computed at the agreed rate as of the date of the transaction. As stated by plaintiff the alleged "early bird" penalty would be imposed if full payment of the loan were made on September 4–10, 1971.

The court finds defendant's argument that the calculation of the new finance charge is a "subsequent occurrence" as set forth in section 226.6(g) not well taken.

Section 226.8(b)(6) requires a description of any penalty charge that may be imposed and an explanation of the method of computing the penalty. The disclosure statement does neither in regard to this penalty and therefore is in violation of 226.8(b)(6).

In paragraph 23 plaintiff alleges that if the note is paid in full prior to September 11, 1971 interest on the loan will run from July 29, 1971 to the date of payment whereas the finance charge (precomputed interest) of $218.38 shown on the note begins to accrue on August 11, 1971. This plaintiff claims is not disclosed on the disclosure statement in violation of section 226.8(b)(1) of 12 C.F.R.[28]

27. Section 226.6(a) provides in part: "(a) *Disclosures: general rule.* The disclosures required to be given by this part shall be made clearly, conspicuously, in meaningful sequence. . . ."

28. Section 226.8(b)(1) provides in part: "(b) *Disclosures in sale and nonsale credit.* In any transaction subject to this section, the following items, as applicable, shall be disclosed: (1) The date on which the finance charge begins to accrue if different from the date of the transaction."

 It is quite apparent to the court that the finance charge (precomputed interest) does not begin to accrue on the date of the loan for if it did there would be no reason for defendant upon payment in full prior to first installment to rebate the finance charge and recompute interest. If precomputed interest began to accrue as of the date of the transaction upon full payment prior to first installment defendant could merely keep the accrued precomputed interest and rebate the remainder. Since this is not done it is obvious to the court that accrual of precomputed interest begins later than the date of the transaction. No date for the commencement of the accrual of the finance charge appears on the disclosure statement and that violates section 226.-8(b)(1). Therefore, as to this paragraph of the complaint summary judgment in favor of the plaintiff should be entered.

In paragraph 24 plaintiff alleges that because the rebate due to the debtor upon full payment of the debt prior to final due date is considered to have been made as of the next installment date when made between the 15th day following a scheduled installment due date and the following scheduled installment due date an undisclosed penalty is imposed in violation of 226.8(b)(6).

 The 15-day rebate calculation method is derived from Iowa Code § 536.13(7)(c) and is designed to make rebate computation easier. The court is of the view that because it is a statutorily required method and defendant appears to have complied with the statute in its application, and has explained the method on the disclosure statement adequately so as to not violate 226.8(b)(6) in the manner alleged in paragraph 24 of the complaint.

 In paragraph 25 plaintiff alleges that defendant imposes an undisclosed partial prepayment penalty because defendant does not make a refund or credit for unearned interest on the partial prepayment until the partial payments have accumulated a sufficient amount that will prepay the entire contract balance due in full. The court is of the view that disclosure as to this paragraph is adequate and not a violation of 226.8(b)(6).

 In paragraph 26 plaintiff alleges that the prepayment penalties imposed by defendant have not been disclosed by defendant in a clear, conspicuous and meaningful sequence in accordance with 226.6(a). This paragraph of the complaint is similar to paragraph 20 which dealt with default charges. Again the court finds only the allegation regarding violation of 226.6(a) to be of merit and concludes as a matter of law that the disclosure statement violates 226.6(a) as alleged in this paragraph of the complaint.

The allegations by plaintiff in paragraphs 27–31 raise issues about which there appears to be disputes of fact, thus the court is of the view that all motions regarding these five paragraphs of the complaint should be denied.

 In paragraph 32 plaintiff alleges that defendant should have known that the security agreement did not and could not create a security interest in after acquired consumer goods. Plaintiff claims that because defendant disclosed that it had a security interest in after-acquired property which it did not [29] it violated 226.8(b)(5). The court views this position as not well taken; however, the court is of the view and

---

29. Iowa Code § 554.9204(4) provides: "(4) No security interest attaches under an after-acquired property clause to consumer goods other than accessions (Section 554.9314) when given as additional security unless the debtor acquires rights in them within ten days after the secured party gives value."

rules as a matter of law that the disclosure regarding after-acquired consumer goods is additional information stated so as to mislead or confuse the customer in violation of 226.6(c) of Regulation Z.[30]

The court now turns to the issue of whether this case may proceed as a class action.

Under Rule 23, F.R.Civ.P. plaintiff in order to bring this suit on behalf of a class must satisfy the prerequisites of subdivision (a)[31] and in addition prove that his case comes within the categories appropriate for class treatment set forth in subdivision (b).[32]

The facts alleged by plaintiff seem to indicate that if this suit is maintainable as a class action it is maintainable under (b)(1) or (b)(3).

By basing his class upon clause (A) of subdivision (b)(1) plaintiff places himself in the position of seeking to protect defendant against the risk of having to cope with incompatible standards caused by varying or inconsistent adjudications. Defendant who opposes class determination apparently is willing to accept that hazard. Thus, the court is of the view that the facts presented by this case do not warrant a determination that plaintiff may proceed as representative of a (b)(1)(A) class.

So far as clause (B) is concerned the court finds no interest held by non-party members of the proposed class which could be impaired or impeded by this suit not being prosecuted for the class.

The only interest or right enforced by this suit is full and proper disclosure under the Act. Since his complaint neither alleges nor prays for actual damages, plaintiff has apparently suffered no financial injury as a result of this transaction. Such an interest is not adjudicated by this suit and cannot be impaired thereby. Even if plaintiff were allowed to proceed for the class the

---

30. See footnote 21, *supra*.

31. Rule 23(a) F.R.C.P. provides as follows:

"(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

32. Rule 23(b) provides as follows:

"(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

court is of the view he could not adequately represent such an interest. Financially injured plaintiffs would have to protect their rights by means of a separate suit thus thwarting the purpose of the class suit.

In consideration of the (b)(3) subdivision the court finds itself aligned with the position taken in Ratner v. Chemical Bank New York Trust Company, 54 F. R.D. 412 (S.D.N.Y., 1972) that class determination under (b)(3) requires "the exercise of some considerable discretion of a pragmatic nature." The court also agrees with the *Ratner* court that there is no affirmative need or justification for such a proceeding and that the allowance of this suit as a class action would be inconsistent with the specific remedy supplied by Congress in allowing for the private enforcement of the Act. It is therefore the view of the court that plaintiff may not prosecute this action for a class.

It is therefore

Ordered

1. Defendant's motion to dismiss is granted as to paragraphs 10 and 21 of the complaint and as to portions of paragraphs 20 and 26 in accordance with the court's discussion thereof.

2. Plaintiff's motion for summary judgment is granted as to paragraphs 9, 12, 13, 19, 22 and 23.

3. Defendant's motion for summary judgment is granted as to paragraphs 11, 14, 15, 24 and 25 in their entirety and as to the portion of paragraph 32 in accordance with the court's discussion thereof.

4. Plaintiff's motion of summary judgment is granted as to portions of paragraphs 20, 26 and 32 in accordance with the court's discussion thereof.

5. This action may not be prosecuted for a class.

6. All other motions are denied.