Jeanette WEAVER and Russell A. Crockett, Plaintiffs-Appellees,

v.

GENERAL FINANCE CORP., Defendant-Appellant.

No. 75–3927
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 12, 1976.
Rehearing and Rehearing En Banc Denied April 1, 1976.

Lewis N. Jones, Atlanta, Ga., for defendant-appellant.

Richard D. Ellenberg, Atlanta, Ga., John H. Paer, Honolulu, Hawaii, Jay E. Loeb, Atlanta, Ga., for plaintiffs-appellees.

Before BELL, GODBOLD and DYER, Circuit Judges.**

PER CURIAM:

This is an appeal from the district court's grant of summary judgment in favor of the plaintiffs. Plaintiffs brought the action under the Truth in Lending Act and the regulations promulgated thereunder. 15 U.S.C.A. § 1601 *et seq.* and Federal Reserve Board Regulation Z, 12 C.F.R. § 226.1 *et seq.* They alleged and the district court found that defendant's initial disclosure statement was misleading with respect to credit life insurance or credit life and disability insurance.

Regulation Z, 12 C.F.R. § 226.6(c) provides that a creditor may include additional information beyond the minimum required disclosures, but ". . . none shall be stated, utilized or placed so as to mislead or confuse the customer . . . ." Defendant's statements contained the following information:

(1) CREDIT LIFE OR DISABILITY INSURANCE is not required to obtain this loan. If borrowers desire credit life insurance or credit life and disability insurance, the charge(s) therefor stated above will be deducted from the

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

** This opinion was concurred in by Circuit Judge Bell prior to his resignation from the Court on March 1, 1976.

Amount Financed and the insurance covers the borrower named in the certificate(s) of insurance delivered herewith. No charge is made for credit insurance and no credit insurance is provided unless one of the borrowers sign the appropriate statement below . . . .

Plaintiffs contend that the defendant's disclosure is misleading in that the natural conclusion of a customer would be that the purchase of credit life and disability insurance would lessen the "Amount Financed." This conclusion, of course, is inconsistent with the meaning of the term "Amount Financed." Section 226.8 of Regulation Z defines the term "Amount Financed" and sets forth the disclosures which are required in a loan contract such as the one at issue here. Subsection (d)(1) thereof provides that there shall be disclosed:

(d) *Loans and other nonsale credit*

(1) The amount of credit, excluding items set forth in paragraph (e) of this section, which will be paid to the customer or for his account or to another person on his behalf, including all charges, individually itemized, which are included in the amount of credit extended but which are not part of the finance charge, using the term "amount financed."

This provision clearly requires that charges for insurance (which are not included in the Finance Charge) shall be included in the Amount Financed. Therefore, it is inaccurate or at least confusing to suggest, as the loan contract does, that the Amount Financed will be reduced by the amount of the insurance charges. The Amount Financed in this contract is coextensive with the amount of credit extended to the borrower. The insurance premium is part of the amount borrowed, but is paid to the insurer on behalf of the borrower, rather than being advanced to the borrower. The cost of the insurance will, in fact, be included in the amount financed.

We agree with the district court that the statement in question had the capacity to mislead or confuse a potential borrower and thus violated 12 C.F.R. § 226.-6(c). *See Thomas v. State Securities, Inc. 78,* N.D.Ga., 1974, *aff'd,* 5 Cir., 1975, 517 F.2d 1401, where the same issue was presented. Accordingly, the judgment of the district court is

Affirmed.