**Richard GENNUSO, Appellant,**

v.

**COMMERCIAL BANK & TRUST COMPANY.**

**No. 76–2676.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 6, 1977.

Decided Oct. 14, 1977.

Jack H. Kudzma, Kudzma & Green, Pittsburgh, Pa., for appellant.

Harry Menzer, Pittsburgh, Pa., for appellee.

Before VAN DUSEN, ADAMS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Plaintiff, Richard Gennuso, sought statutory damages from the defendant bank for its alleged failure to disclose fully the terms of a consumer credit transaction into which Gennuso entered while in the course of purchasing a new automobile. The district court granted the bank's motion for summary judgment. Since we conclude that the bank violated the disclosure provisions of federal law, we now reverse and remand.

### I.

Mr. Gennuso claims that the disclosure of the terms of a consumer loan by the Commercial Bank and Trust Co. (hereinafter Commercial Bank) was not in accordance with the requirements of the Truth-In-Lending Act, 15 U.S.C. § 1601 *et seq.*, and more particularly was not in compliance

with Federal Reserve Board Regulation Z, 12 CFR § 226.1 *et seq.*[1]

First, Gennuso charges that Commercial Bank failed to identify properly in the Disclosure Statement and in the Note and Security Agreement—the key documents used in the credit transaction—a security interest in the proceeds and the unearned premium in a property insurance policy covering the automobile he purchased, and that such failure transgressed §§ 226.8(a) and 228.-8(b)(5) of Regulation Z. Second, he maintains that Commercial Bank, in violation of these two sections, did not properly disclose a security interest in after-acquired property, namely, accessions to the automobile that was made available as collateral for the loan. Finally, Gennuso asserts that the inclusion of a reference to a warrant to confess judgment in the Note and Security Agreement, when in fact there was no such warrant, abridged § 226.6(c) of Regulation Z.

■ The first claim—that of improper disclosure of a security interest in an insurance policy—rests on the fact that the Disclosure Statement contains no mention of such an interest. Item 8 of the Disclosure Statement describes the interest of the Commercial Bank as a "new 1974 Chev. Monte Carlo." No description of any other security interest is given in the Disclosure Statement, although printed language under Item 8 refers the reader to ". . . the instrument evidencing the obligation for full description of property to which the security interest relates. . . ." The Note and Security Agreement describes the collateral for the loan as a 1974 Chevrolet Monte Carlo. There is no reference to any interest in insurance at the top of the Note where the collateral is described. However, paragraph 6 of the debtor's covenants included in the Note and Security Agreement does create a security interest in an insurance policy covering the automobile.[2] Gennuso alleges that these provisions, taken together, contravene the rule embraced in § 226.8(a) that disclosure of the terms of consumer loans be made on one document,[3] and also violate the principle articulated in § 226.8(b)(5) that descriptions of security interests be set forth clearly.[4]

Gennuso's second argument—that Commercial Bank improperly disclosed its security interest in after-acquired property—is grounded on the proposition that there is no typewritten description of this security interest in the Disclosure Statement.[5] The only mention of such an interest in the Note and Security Agreement is in printed

1. At a pretrial conference before Judge McCune, both parties agreed that there was no need for a trial in the case, for the factual basis was not in dispute. The parties concurred at the conference that the court's scrutiny should be confined essentially to the two documents which were appended to plaintiff's complaint: (1) the Disclosure Statement, and (2) the Note and Security Agreement.

2. Paragraph 6 requires Gennuso, in the district court's language, ". . . (1) to insure the collateral; (2) to cause the insurance policy to contain loss payable clauses in favor of Commercial and plaintiff as their interests may appear; (3) to deposit the policy with Commercial; (4) to assign any return of unearned premiums due upon cancellation of the policy to Commercial; and (5) to appoint Commercial plaintiff's attorney-in-fact." Opinion at p. 6. We agree with the district court's determination that these covenants create a security interest in the proceeds and unearned premiums of the insurance policy covering the automobile.

3. Section 226.8(a) enunciates the rule that "(a)ll of the disclosures shall be made together on either (1) (t)he note or other instrument evidencing the obligation on the same side of the page and above or adjacent to the place for the customer's signature; or (2) (o)n one side of a separate statement which identifies the transaction."

4. Section 226.8(b)(5) requires that there be disclosed "(a) description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates . . . ."

5. The sole reference to a security interest in after-acquired property in the Disclosure Statement occurs in a printed statement in Item 8, directing the reader to "refer to the instrument evidencing the obligation for full description of property to which the security interest relates and after acquired property to which the security interest may attach."

language stating that the collateral includes ". . . all attachments, accessories and parts used or intended to be used with the above described property ('Collateral') whether now or hereafter installed therein . . . ." Gennuso claims that the disclosure of the security interest in after-acquired property infringes upon the "one document" rule of § 226.8(a) and the "clear identification" principle of § 226.8(b)(5). And he maintains that the disclosure requirement in § 226.8(b)(5) dealing with a security interest in after-acquired property is not met here.[6]

Gennuso's final contention—that when a creditor makes reference to a non-existent warrant to confess judgment, he transgresses § 226.6(c)[7]—is premised on the fact that the Note and Security Agreement has a clause, printed in bold-face type, referring to a "foregoing warrant of attorney to confess judgment,"[8] even though there was no clause providing for a warrant of attorney to confess judgment. Indeed, Commercial Bank admitted that no such warrant existed. As a consequence, plaintiff insists, the inclusion of a reference to such a provision constituted "additional information" stated in such a manner as "to mislead or confuse the customer."

Rejecting each of these three arguments, the district court granted the defendant's motion for summary judgment. This appeal followed.

**6.** "If after-acquired property will be subject to the security interest, or if other or future indebtedness is or may be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired." § 226.8(b)(5).

**7.** This provision deals with "additional information," and states: "At the creditor's option, additional information or explanations may be supplied with any disclosure required by this part, but none shall be stated, utilized or placed so as to mislead or confuse the customer . . . ."

**8.** The clause provided that "All of the foregoing promises and obligations, including the foregoing warrant of attorney to confess judgment,

**II.**

The purpose of the Truth-In-Lending Act, which was passed by Congress in 1968 to help correct what it perceived as widespread consumer confusion about the nature and cost of credit obligations,[9] is ". . . to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various terms available to him and avoid the uninformed use of credit."[10] The Federal Reserve Board is empowered to construe the Act's provisions and to prescribe regulations carrying out the legislative purpose.[11] Regulation Z was promulgated pursuant to that authority.

In evaluating Gennuso's claim regarding the alleged failure of Commercial Bank to adhere to the "one document" precept of Regulation Z, the district court rested its rejection of plaintiff's argument on the fact that the creditor used two separate documents, not a single two-sided document. We cannot accept this contrast as a controlling distinction. The plain terms of § 226.8(a) establish that disclosures are to be made either on ". . . the note or other instrument evidencing the obligation on the same side of the page and above or adjacent to . . . the customer's signature" or on "(o)ne side of a separate statement which identifies the transaction." The references to "the page" and "a separate statement," read literally, indicate that the regulation requires the disclosures to be made on one document.[12] Certainly there is

are the joint and several promises and obligations of the debtors."

**9.** *See Mourning v. Family Publications Service, Inc.,* 411 U.S. 356, 363–69, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973).

**10.** 15 U.S.C. § 1601.

**11.** 15 U.S.C. § 1604.

**12.** *See Lauletta v. Valley Buick, Inc.,* 421 F.Supp. 1036, 1040 (W.D.Pa.1976) ("Regulation Z unequivocally requires that necessary disclosures shall be written and made together on one document."); *Douglas v. Beneficial Finance Co. of Anchorage,* 334 F.Supp. 1166, 1174–75 (D.Alaska 1971).

no suggestion in the language of § 226.8(a) that the requirement applies to two-sided documents but not documents in a series consisting of two or more items.[13] Moreover, the primary aim of the Truth-In-Lending Act of avoiding consumer confusion would not be served by an artificial distinction between disclosures spread over two separate papers and those occurring on the front and the back of one document.[14]

Furthermore, the district court erroneously has assumed that this is a situation in which a clear identification of the type of a security interest ". . . cannot properly be made on the disclosure statement due to the length of such identification . . . ."[15] Section 226.8(b)(5) of Regulation Z does provide that in a limited class of cases a note or other instrument evidencing the obligation may contain a reference to a separate document describing a security interest. However, the terms of this exception apply only to situations where a full and lucid identification of the

property "*cannot* properly be made on the disclosure statement due to the length of such identification . . . ,"[16] and no such excessive length exists in this situation. Both the security interest in the insurance policy and in the after-acquired property could have been identified by a brief description, as Gennuso has suggested.[17] Thus, the district court erred in concluding that the required length of the disclosure of the security interests would be so extensive that no clear identification of the affected property could be made on the disclosure statement alone.[18]

In light of the determination that the required disclosures are not excessively lengthy, the reasoning of the district court with respect to the language of sec. 226.-8(b)(5) dealing with after-acquired property interests appears to result from a basic misconception. Section 226.8(b)(5) mandates that a security interest in after-acquired property be revealed ". . . in conjunction with the description or identifi-

---

**13.** The requirement that disclosures appear on one side of one document has been clearly enunciated by the Federal Reserve Board in its staff opinion letters. *See e. g.,* public position letters, No. 25 (7/2/69); No. 130 (10/7/69); No. 150 (10/14/69), cited by appellant in the appendix to his brief. And the courts now feel that the staff's opinion letters are entitled to great weight. *See Johnson v. McCracken-Sturman Ford, Inc.,* 527 F.2d 257, 267 n.23 (3d Cir. 1975); *Philbeck v. Timmers Chevrolet, Inc.,* 499 F.2d 971, 977 (5th Cir. 1974).

**14.** In addition to his argument based on section 226.8(a), Gennuso maintains that the disclosures in this case violate § 226.6(a), which requires that disclosures be made "clearly, conspicuously, in meaningful sequence. . . ." *See Allen v. Beneficial Finance Co. of Gary, Inc.,* 531 F.2d 797, 801 (7th Cir. 1976). Gennuso makes it clear in his brief that the lack of "meaningful sequence" of which he complains is evident in the Note and Security Agreement, which at the outset describes the collateral for the loan as the new automobile, and then in numbered paragraph 6, located more than halfway down the page, sets out the covenants giving rise to a security interest in the proceeds and unearned premium of the insurance policy. Given our view of the dictates of § 226.8(a), we need not reach this issue. Even if the disclosures in the Note and Security Agreement were said to occur in the requisite "meaningful sequence," the fact that all disclosures are not made on the same side of a single document by

itself renders the manner of their disclosure violative of Regulation Z.

**15.** *See* 425 F.Supp. at p. 468.

**16.** Emphasis added.

**17.** "Clear identification" of the property subject to a security interest requires only that ". . . the goods . . . be identified so as to preclude any reasonable question regarding the goods to which the security interest attaches." *Kenney v. Landis Financial Group, Inc.,* 349 F.Supp. 939, 945 (N.D.Iowa 1972). As Gennuso points out, the insurance security interest could have been identified clearly by a phrase such as "this loan is secured by any insurance required or purchased"; similarly, it could have been said that the loan is secured by any after-acquired accessions to the automobile.

**18.** If the district court may be said to have found as a matter of fact that the length of the required description of the security interest was too great to permit clear identification on the Disclosure Statement, then appellant has met his burden of persuading this reviewing court that such finding was "clearly erroneous" under Rule 52(a), F.R.C.P. *See J. A. Jones Construction Co. v. Englert Engineering Co.,* 438 F.2d 3, 5 (6th Cir. 1971) (burden on appellant).

cation of the type of security interest held, retained or acquired." The district court declared that "(w)here, as here, the length of the identification of the property is such that a clear identification cannot be made on the disclosure statement alone . . ," the "in conjunction with" requirement of § 226.8(b)(5) is met, so long as the security interest is set forth on a separate document and a mention of it is made on the disclosure statement.[19] However, since possible descriptions of the security interests in insurance and after-acquired property are not so long that their inclusion on the disclosure form would be impossible, the core premise of the district court's position is invalid.[20]

■ Gennuso's third charge—that the reference in bold print on the Note and Security Agreement to a non-existent warrant of attorney to confess judgment[21] was misleading, in violation of § 226.6(c)— presents a somewhat closer question than those dealing with the disclosure of security interests in insurance and after-acquired property. In relation to this third matter, however, we conclude that Gennuso also has identified a violation of Regulation Z. That regulation, like the Truth-In-Lending Act under which it was promulgated, is designed to prevent the confusion of credit consumers, and such confusion may occur where, as here, a clause or covenant is referred to in bold print that is not included in the Disclosure Statement or Note. *See*

Kenney v. Landis Financial Group, 349 F.Supp. 939, 950–51 (N.D.Iowa, 1972). *Cf. Ives v. W. T. Grant Co.*, 522 F.2d 749, 761 (2d Cir. 1975). The fact, relied upon by the district court, that the confession of judgment clause was not in immediate proximity to the disclosures on the two documents is not determinative.[22] This would appear to be particularly so since the pertinent disclosures of security interests in insurance and after-acquired property violated the provisions of Regulation Z.

### III.

■ The present case admittedly does not involve egregious misconduct on the part of Commercial Bank. Yet under the terms of the Truth-In-Lending Act and Regulation Z, this Court is constrained to hold as it does in order to vindicate the intent of the Congress and the framers of Regulation Z. Any misgivings about the technical nature of the requirements under the Act or Regulation should be addressed to Congress and the Federal Reserve Board, not to this Court.[23]

Accordingly, the judgment of the district court will be reversed and remanded for proceedings consistent with this opinion.

19. *See* 425 F.Supp. at 470–471.

20. We are not concerned in this case with a situation, such as that in which a security interest exists in an extended list of household goods, where the length of a full description of the security interest would make a single-page identification impracticable. Thus, we do not express a view on Regulation Z's requirements in such a context.

21. Confessions of judgment, ". . . which have the effect of depriving the debtor of both the right to be notified of a pending action and the right to enter a defense in a judicial proceeding before judgment," are security interests under the Act. *Douglas v. Beneficial Finance Co. of Anchorage*, 334 F.Supp. 1166, 1171 (D.Alaska 1971). *See also Charnita, Inc. v. F. T. C.*, 479 F.2d 684, 686–87 (3d Cir. 1973).

22. Section 226.6(c) says that disclosures shall not be "stated, utilized, or placed so as to mislead or confuse" the consumer. Thus, the placement of the disclosures is to be considered along with their statement and use.

23. *Cf. Lauletta v. Valley Buick, Inc.*, 421 F.Supp. 1036, 1040 (W.D.Pa.1976), where the court noted: ". . . many of the requirements of the Truth-In-Lending Act are technical in nature, and the Court is not at liberty to deviate from them as it sees fit. Regulation Z unequivocally requires that necessary disclosures shall be written and made together on one document. The drafters of the legislation obviously felt that oral statements by creditors or piecemeal disclosures are not adequate to ensure the consumer's protection. Regardless of the wisdom or validity of that proposition, it is not this Court's prerogative to substitute its own view for that of Congress."