**Robert C. GRIGGS and Jacqueline M. Griggs**

v.

**PROVIDENT CONSUMER DISCOUNT COMPANY.**

Civ. A. No. 80–1930.

United States District Court, E. D. Pennsylvania.

Dec. 24, 1980.

Henry J. Sommer, Community Legal Services, Inc., Philadelphia, Pa., for plaintiffs.

Sheldon C. Jelin, Philadelphia, Pa., for defendant.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

Plaintiffs and defendant have filed cross-motions for summary judgment in this Truth in Lending Act[1] (TILA) case. On June 19, 1979, the plaintiffs and defendant signed a Note, Security Agreement and Disclosure Statement (Disclosure Statement) refinancing an earlier loan made to plaintiffs by defendant. Attachment to Defendant's Answer.

Plaintiffs argue that defendant violated the TILA in three ways. First, they argue that the description of the security interest taken in after-acquired property is inaccurate and misleading. Second, plaintiffs claim that defendant improperly calculated the refund due to plaintiffs of interest prepaid on the original loan resulting in an incomplete refund. Plaintiffs claim that the amount not refunded to them should have been and was not disclosed as part of the finance charge on the June 19th transaction. As a result of this allegedly incorrect calculation, the disclosures of the amount financed and the annual percentage rate are also claimed to be incorrect. Third, plaintiffs argue that the disclosure of a security interest in proceeds of insurance where no insurance exists violates the TILA. I need find only a single violation of the statutory requirements to hold defendant liable under the TILA. 15 U.S.C. § 1640; *Thomka v. A. Z. Chevrolet, Inc.*, 619 F.2d 246 (3d Cir. 1980). I agree with plaintiffs that the after-acquired property clause violates the TILA and therefore will not resolve the other claims.

■ Congress declared that its purpose in enacting the TILA was to promote "the informed use of credit ... by consumers"

---

1. The Truth in Lending Act is the short title of Title I of the Consumer Protection Act, 15 U.S.C. §§ 1601 *et seq.*

and "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him ...." 15 U.S.C. § 1601. *See also Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973). The TILA and the regulations[2] promulgated under it require a creditor to disclose relevant credit information to a consumer in comprehensible language and form. The required disclosures are intended to provide, especially to the inexperienced and uninformed consumer, a way to avoid "the possibility of deception, misinformation, or at least an obliviousness to the true costs" of a credit transaction. *Thomka*, 619 F.2d at 248. *See also Allen v. Beneficial Finance Co.*, 531 F.2d 797 (7th Cir.), *cert. denied*, 429 U.S. 885, 97 S.Ct. 237, 50 L.Ed.2d 166 (1976).

■ A creditor in a TILA transaction must clearly describe or identify any security interest retained by the creditor. 15 U.S.C. at § 1639(a)(8); 12 C.F.R. at § 226.-8(b)(5). Defendant disclosed the security interest at issue here by checking boxes next to the following items in Paragraph E of the printed Disclosure Statement:

2. All household goods of every kind now owned or hereafter acquired within ten days of this date by Borrower, located in or about Borrower's premises set forth above.

3. Real Property (by a Mortgage and Judgment Note of even date): Address of Real Property: 2121 E. Orleans St. Phila., Pa. [address handwritten in].

4. Other Real Property: The Judgment Note of even date, when recovered or recorded constitutes a lien on all real property owned by Borrower in the County where such judgment is recovered or recorded.

5. Proceeds of insurance required or purchased in accordance with Paragraph F below payable to Lender.

Note, Security Agreement, and Disclosure Statement, Attachment to Answer. Immediately following the above provision, in larger type, the form states, "AFTER AC-

QUIRED REAL AND PERSONAL PROPERTY OF BORROWER WILL BE SUBJECT TO THE SECURITY INTEREST SET FORTH HEREIN AND THE COLLATERAL SECURES FUTURE AND OTHER INDEBTEDNESS OF BORROWER TO PROVIDENT."

■ The after-acquired property clause violates the TILA as to both real and personal property. First, the purported disclosure of a security interest in after-acquired real property is clearly inaccurate. Both defendant and plaintiffs agree that the mortgage defendants took in conjunction with this transaction applied only to the plaintiffs' residence at 2121 E. Orleans Street. Paragraph E.3. explicitly sets forth the legitimate security interest taken in real property. However, the after-acquired property clause contradicts Paragraph E.3. and incorrectly discloses a security interest in all real property acquired in the future by plaintiffs. An incorrect disclosure of a security interest violates the TILA and Regulation Z. 15 U.S.C. at § 1639(a)(8); 12 C.F.R. at § 226.8(b)(5).

■ The inaccuracy of the after-acquired property clause as to real property alone is enough to subject defendant to liability under the TILA. However, this inaccuracy is coupled with a confusing and misleading disclosure as to after-acquired personal property. Pennsylvania law limits the security interest a creditor can hold in after-acquired consumer goods. Under 13 Pa. Cons.Stat. § 9204(d)(2) a creditor can acquire a security interest in such goods only where the debtor acquires rights in the goods within ten days after the creditor gives value. Paragraph E–2 is within the limits of Pennsylvania law. However, the bold print clause appears to grant a much broader security interest since it fails to confine the interest to property acquired within ten days.

■ Plaintiffs argue, and I agree, that these contradictory provisions are confusing and misleading in violation of the TILA and

---

2. The TILA regulations, 12 C.F.R. § 226 (1979), are referred to as a group as Regulation Z.

Regulation Z. Misleading and confusing disclosures as well as failures to disclose constitute violations. *Gennuso v. Commercial Bank & Trust Co.*, 566 F.2d 437 (3d Cir. 1977). Regulation Z specifically prohibits creditors from including on disclosure statements information other than that required by the TILA where that information is "stated, utilized, or placed so as to mislead or confuse the customer ... or [to] contradict, obscure, or detract attention from the [required] information ...." 12 C.F.R. at § 226.6(c).

Defendant notes that the Tenth Circuit has held that it is not a violation for a creditor to disclose a security interest in after-acquired property without further disclosing state limitations on such security interests including time limits on acquisition. *Montoya v. Postal Credit Union*, 630 F.2d 745 (10th Cir. 1980). In this case, however, there are two technically accurate disclosures on after-acquired personal property. The violation is that the disclosures are apparently contradictory and thus, I hold, are misleading and confusing under the TILA.

■ Defendant argues that the general after-acquired property provision in the bold print simply refers back to the specifics of Paragraph E, and thus is not contradictory. Even if we accept defendant's argument, there is no reason for the additional confusing information to be present. Defendant advances no satisfactory reason to explain why the bold print clause was included on the disclosure statement. If the bold print adds nothing to the security interest taken, there is no reason to have it in the form at all. Confusion certainly would have been lessened if the bold print clause had been omitted from the form altogether. *See Gennuso, supra; Ives v. W. T. Grant Co.*, 522 F.2d 749 (2d Cir. 1975); *Barber v. Kimbrell's, Inc.*, 424 F.Supp. 42 (W.D.N.C. 1976), *aff'd in part, rev'd in part*, 577 F.2d

216 (4th Cir.), *cert. denied*, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978).

■ "Enforcement [of the TILA] is achieved in part by a system of strict liability in favor of consumers who have secured financing when [the required statutory] standard is not met." *Thomka*, 619 F.2d at 248. The requirements of the TILA are highly technical but full compliance is required.[3] *Gennuso, supra*. Even minor violations of the Act can not be ignored. *Thomka, supra*.

■ The question of whether a lender's TILA disclosures are inaccurate, misleading, or confusing ordinarily will be for the factfinder. However, where, as here, the confusing, misleading, and inaccurate character of the disputed disclosure is so clear that it cannot reasonably be disputed, summary judgment for the plaintiff is appropriate. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978). *See also Gennuso, supra* (summary judgment for plaintiff on question of whether disclosure of security interest in nonexistent item is misleading); *Allen, supra* (summary judgment for plaintiff on issue of defendant's failure to make TILA disclosures in "meaningful sequence"); *Weaver v. General Finance Corp.*, 528 F.2d 589, 590 (5th Cir. 1976) (summary judgment for plaintiff where court finds defendant's disclosure "had the capacity to mislead or confuse a potential borrower ....").

Both parties have moved for summary judgment. I find there is no genuine issue of material fact as to the inaccuracy of the after-acquired property clause as applied to real property. There is also no genuine issue as to the capacity of that clause to confuse and mislead potential borrowers. Therefore I will grant the plaintiffs' motion for summary judgment.

---

**3.** Congress has addressed itself to complaints about the technicality of the TILA by amending it in the Truth in Lending Simplification and Reform Act, P.L. 26–221, 48 U.S.L.W. 124 (Apr. 22, 1980). The amendment, effective in 1982, limits liability for statutory penalties to disclosures of central importance in understanding the transaction. Inaccurate disclosure of any security interest taken remains a basis for liability however. *Id.* at 128; S.Rep., [1980] U.S. Code Cong. & Ad.News pp. 878, 892–94.

The TILA provides that the consumer may recover twice the amount of the finance charge up to a maximum of $1,000. 15 U.S.C. at § 1640(a). The statutory limit applies in this case since the finance charge was $713.25. Plaintiffs are husband and wife, co-obligors on the transaction. Each seeks recovery of the statutory damages of $1,000. Defendant argues that the TILA limits consumers to one recovery per transaction. The language of § 1640(a) states that a creditor who violates the act "with respect to *any* person is liable to *such* person" in the amount provided (emphasis added). I agree with the analysis in *Cadmus v. Commercial Credit Plan, Inc.*, 437 F.Supp. 1018 (D.Del.1977) that the language of the TILA provides for separate recovery by each consumer involved in the transaction. *See also Mirabal v. General Motors Acceptance Corp.*, 537 F.2d 871 (7th Cir. 1976); *Allen, supra.*

The TILA also provides for a reasonable attorney fee for prevailing plaintiffs. 15 U.S.C. at § 1640(a)(3). Plaintiffs have requested an attorney's fee in this case. A petition for a fee under § 1640(a)(3) will be entertained.