WRIGHT, Presiding Judge.
This is a Truth-In-Lending Act case.
Jeffery Kilgo financed an automobile through Etowah Steelworkers Federal Credit Union (Credit Union). When Kilgo defaulted, the Credit Union repossessed the automobile and sold it. The proceeds of the sale were applied to the balance of the note.
Then the Credit Union filed a complaint in Etowah County District Court to recover a deficiency of $1,452.26 on the note. Kil-go filed an answer and later filed an amended answer, which contained a counterclaim based on the Truth-In-Lending Act (Act) and Regulation Z.
Both parties filed motions for summary judgment. The district court granted the Credit Union’s motion on their complaint and denied Kilgo’s motion on his counterclaim. Kilgo appealed to the circuit court.
In the circuit court, both parties again moved for summary judgment. There was a judgment rendered in favor of the Credit Union on its complaint and against Kilgo on his counterclaim. Kilgo appeals from the denial of his counterclaim.
On appeal, Kilgo contends that the Credit Union violated the Act (particularly 15 U.S.C. § 1639(a)(8)) and Regulation Z (particularly 12 C.F.R. § 226.8(b)(5)) by failing to properly describe and identify the type of security interest retained by the Credit Union. He contends that the Credit Union is subject to the automatic civil penalty and reasonable attorney’s fee awarded under 15 U.S.C. § 1640(a) when provisions of the Act are violated. Kilgo maintains that the trial court should have granted the motion for summary judgment on his counterclaim.
Kilgo signed the combination note, security agreement and disclosure form in October 1980. This was prior to the passage of the Truth-In-Lending Simplification and Reform Act and the new Regulation Z. Any reference to the Act and Regulation Z is to that which was in existence in October 1980.
In 15 U.S.C. § 1601(a), it is stated that the purpose of the Act is:
“to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.”
*756 Under 15 U.S.C. § 1639(a)(8), the creditor was required to disclose “a description of any security interest held or to be retained....” In explanation of what this section requires, 12 C.F.R. § 226.8(b)(5) provides that a creditor must disclose “A description or identification of the type of any security interest held or to be retained. ...”
In Anthony v. Community Loan & Investment Corp., 559 F.2d 1363, 1366 (5th Cir.1977), (hereinafter Anthony), the court stated that the following disclosure was required under the above provisions: “(1) the type of security interest held, retained, or acquired;_” (Emphasis added.)
It is generally accepted that sufficient disclosure has occurred when the type of security interest has been identified (examples: vendor’s lien and security interest under the Uniform Commercial Code (U.C. C.)). See Elzea v. National Bank of Georgia, 570 F.2d 1248 (5th Cir.1978).
In Anthony, supra, there was a combination promissory note, security agreement, and disclosure statement involved. That portion of the document dealing with the security interest was quoted in the footnotes of the case. In the first paragraph, it was stated: “Debtor(s) grant(s) a security interest to the Secured Party in the following described personal property: ....” The third paragraph of the quoted material states “the Secured Party ... may exercise any rights and remedies granted a Secured Party by the Uniform Commercial Code on default by the Debtor(s).” The court in Anthony found that a sufficient description of the security interest had been given.
In this case, there is also a combination note, security agreement, and disclosure statement. In the upper portion of the document, it is recited: “This loan is secured by a security agreement covering the following described property and any accessions thereto, or proceeds thereof.” Directly beneath this statement is a handwritten notation “MG 1978 Midget, CN GAN605207535G.” To the left of this is the notation “L. Security Interest.”
In the lower portion of the document are several paragraphs in very small print. In the fifth paragraph, it is stated: “To secure the payment of this loan ... debtor hereby grants and conveys unto Credit Union a security interest in the property as indicated at (L) above....” The eighth paragraph contains the statement “Credit Union shall be forthwith entitled to exercise all of the rights, privileges, and remedies ... ofU.C.C.”
The document in this case differs from that in Anthony, supra. In Anthony, supra, all three of the paragraphs dealt with the description of the security interest. In this case, the several different paragraphs dealing with the security interest were spread all over the page in no particular sequence. The paragraphs mixed in did not deal with the description of the security interest, but instead dealt with other matters. The reference to the U.C.C. quoted in the preceding paragraph, separated as it is in the document, provides no reasonable description of the type of security interest.
In Allen v. Beneficial Finance Co., 531 F.2d 797 (7th Cir.1976) (hereinafter Allen), the court found that not only did the document fail to relate arithmetical terms, but it also failed to have continuity in the descriptive disclosure dealing with security. The court pointed out that the description began in the upper right hand corner and continued in the middle of the page with the notation “security (cont.)”. The court stated that these two sections were not connected in any meaningful sequence. This indicates that it is important to have continuity in disclosure of descriptive terms.
In this case, there is no continuity in the description of the security interest as there was in Anthony, supra.
The Credit Union contends that because all of the disclosures were made on the same side of the page and above the signature line, they had met the format for sufficient disclosure.
It is required by 12 C.F.R. § 226.8(a) that all disclosures be made together on either *757 the same side of the page, above the signature line or on one side of a separate statement identifying the transaction. The wording of this provision and the statements made in Allen, supra, indicate the need for continuity in the disclosures.
The Credit Union also contends that the “meaningful sequence” requirement applies only to arithmetical terms. They refer this court to Federal Reserve Board Letter No. 780, which dealt with the meaningful sequence requirement. The letter reads in pertinent part:
“[M]any of the items called for in § 226.-8(b), (c) and (d) are arithmetical and follow each other in logical progression. The remaining items are informative and have no particular interdependence. A meaningful sequence would call for those items which are arithmetically related to appear within a reasonable proximity to each other, not mixed with items which are irrelevant to a progression of arithmetical computations or thought.”
See Allen, at 801.
The Credit Union would have us believe that the Federal Reserve Board would allow disclosure of non-arithmetical terms to be scattered all over the document with no requirement of continuity. The description of the security interest should not be mixed with arithmetical terms, as they are unrelated disclosures. But that does not mean that there should not be continuity in the description of the security interest which is a term of credit required to be clearly disclosed.
It is well settled that the consumer does not have to be misled for the Act to have been violated. The Act is to remedy the situation wherein the terms are not clearly and conspicuously disclosed. The only way to insure that there will be standardization of terms (and thus enable the consumer to decide the reasonableness of terms) is to strictly comply with the Act’s technical requirements. Smith v. Chapman, 614 F.2d 968 (5th Cir.1980).
The drafters of the Act obviously felt that piecemeal disclosures did not sufficiently protect the consumer and therefore required enforcement of the technical requirements. See Gennuso v. Commercial Bank & Trust Co., 566 F.2d 437 (3d Cir.1977).
We hold that the description of the type of security interest was not sufficiently disclosed pursuant to the Act and Regulation Z. Therefore, we reverse the trial court’s denial of Kilgo’s motion for summary judgment on the counterclaim and remand to the trial court with directions to grant the summary judgment together with the relief authorized by the Act.
This case is reversed and remanded.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.